CHEHARDY, C.J.
| defendant, Marilyn S. Stiller, appeals her conviction of and sentence for exploitation of an infirmed person. For the reasons that follow, we affirm defendant’s conviction and sentence.
STATEMENT OF THE CASE
On .September 3, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant, Marilyn S. Stiller, with theft of the assets of a person who is aged, a .violation of La. R.S. 14:67.21(0(1). Defendant was arraigned arid pled not guilty. On March 17,2014, the Jefferson Parish District Attorney filed a superseding bill of information charging defendant with exploitation of an “infirmed person” in violation of La. R.S. 14:93.4. Defendant was arraigned on this charge and pled not guilty.
*1156 On May 14, 2014, defendant withdrew her not guilty plea and pleaded guilty under La. C.Cr.P. art. 893 and North Carolina v. Alford[1] to exploitation of an “elderly person” in violation of La. R.S. 14:93.4. That same date, the court deferred imposition of sentence and placed defendant on two years of active probation, followed by three years of inactive probation. Following a restitution hearing on June 23, 2014, the court ordered defendant to pay restitution in the amount of $52,710.20.
On May 13, 2016, defendant filed a pro se application for post-conviction relief (APCR) raising claims of ineffective assistance of counsel, newly discovered evidence, and perjury. On June 1, 2016, the court dismissed defendant’s APCR without prejudice and permitted defendant to file an APCR requesting an out-of-time appeal within thirty days. On June 30, 2016, defendant, through counsel, | ¿filed an APCR seeking an out-of-time appeal that the court granted on July 20, 2016.
FACTS
Because defendant pled guilty, the underlying facts were not developed at trial. Yet, during defendant’s plea colloquy, the State provided the following factual basis:
Between the dates of December 3, 2009, and July 31, 2011, defendant exploited an infirmed and aged person, Creóla McCants, DOB: 4/16/1928, by using a power of attorney wherein defendant was the agent for the principal, Mrs. McCants, and that power of attorney was used, not for the principal, but for defendant’s own profit or advantage by means of fraudulent conduct, practice, or representation, that being submitting those two powers of attorney executed within the Parish of Jefferson to both the VA, Veterans Affairs, and to the Road Home Program to obtain funds that were payable to Mrs. McCants.
DISCUSSION
In her first assignment of error on appeal, defendant argues that her guilty plea was involuntary and unknowing because her trial counsel was ineffective in failing to investigate facts and defenses before she pleaded guilty. She contends that she informed her counsel that she was innocent, but that he did not inspect the evidence she provided to prove her innocence, nor did he present that evidence to the prosecutors and their investigators.
She also alleges that her counsel did not give her adequate information in advance of the potential plea bargain so she could intelligently consider her options and make a reasonable and informed decision. Defendant claims that her counsel falsely indicated that her case could be resolved through the diversion program and that her counsel did not inform her until the day she pled guilty that the program was not available to her. Defendant also claims that she was not aware that a plea bargain was offered until the morning of her guilty plea and that she did not have sufficient time to consider it.
13As a general proposition, the validity of a guilty plea turns on whether the defendant was informed of three fundamental constitutional rights—his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers—and whether, having been informed of those rights, the defendant knowingly and voluntarily waived them. State v. Lee, 15-108 (La. App. 5 Cir. 6/30/15), 171 So.3d 1214, 1217. Here, defendant argues that her plea was not knowing or voluntary on account of counsel’s ineffective assistance.
A defendant is entitled to effective assistance of counsel under the Sixth Amend- *1157 merit to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. State v. Francois, 13-616 (La. App. 5 Cir. 01/31/14), 134 So.3d 42, 58, writ denied, 14-431 (La. 9/26/14), 149 So.3d 261. Under the standard for ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a conviction must be reversed if the defendant proves: (1) that counsel’s performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel’s inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. State v. Lyons, 15-2197 (La. 9/23/16), 199 So.3d 1140, 1141.
For claims like defendant’s that counsel’s ineffective assistance rendered a guilty plea invalid, the Strickland analysis under the first deficiency prong remains unchanged, whereas under the second prejudice prong, “the defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, if necessary, rather than |4by direct appeal. State v. Ferrera, 16-243 (La. App. 5 Cir. 12/14/16), 208 So.3d 1060, 1066-67. But when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. at 1067. If, on the other hand, the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings. Id.
Here, the record is insufficient to fully consider defendant’s claim that counsel’s ineffective assistance rendered her guilty plea unknowing and involuntary. Based on the limited record here, defendant’s allegations of ineffective assistance of counsel would be more appropriately raised in an application for post-conviction relief in the trial court, where a full evidentiary hearing can be conducted, if necessary, and defendant can present evidence to support her allegations. Accordingly, we decline to consider the merits of defendant’s first assignment of error.
In defendant’s second assignment of error, she argues that the district court erred in its June 1, 2016 dismissal of her APCR. She contends that the court should have considered her APCR as a motion to withdraw her guilty plea. ■
In its June 1, 2016 ruling, the court dismissed defendant’s APCR pursuant to La. C.Cr.P. art. 924.1, which provides that “[a]n application for post-conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge, or if an appeal is pending.” In light of this provision, we cannot find the district court erred in dismissing defendant’s APCR as premature.
With regard to defendant’s contention that the court should have considered her APCR as a motion to withdraw her guilty plea, we find this is without merit because defendant had already been sentenced and was thus precluded from ^withdrawing her guilty plea by means of a motion to withdraw under La. C.Cr.P. art. 559(A).[2] It is on this point that we *1158 respectfully .disagree with Judge Win-dhorst’s suggestion in his dissent that defendant may still file a motion to -withdraw her guilty plea. The basis of our disagreement regards whether defendant, whose imposition of sentence was “deferred”, under La. C.Cr.P. art. 893(E), has been “sentenced” for purposes of a motion to withdraw under La. C.Cr.P. art. 559(A) and for purposes of appealing a final judgment of conviction.[3]
We concede that the law is need of clarity on this point, but are still persuaded that defendant has been “sentenced” such that she is precluded from filing a motion to withdraw and is permitted to appeal her judgment of conviction.
Louisiana Code of Criminal Procedure article 871(A) defines a “sentence” as “the penalty imposed by the court on a defendant upon a. plea of guilty, upon a verdict of guilty, or upon a judgment. of- guilt.” Under this definition, we are convinced that defendant was “sentenced” when, upon her plea of guilty, the court imposed two years of active probation, three years of inactive probation, and ordered her to pay restitution in the amount of-$52,710.20.
Yet despite the clarity of this definition, room for disagreement arises on account of the fact that La. C.Cr.P. art. 893(A) expressly provides a suspended sentence “shall be regarded as .a sentence for the purpose of granting or denying a new trial or appeal[,]” whereas La. C.Cr.P. art. 893(E) includes no such provision with regard to a deferred sentence. Accordingly, the inclusion of this language in La. C.Cr.P. art. 893(A) and its omission from La. C.Cr.P. art. 893(E) arguably supports the conclusion that the legislature did not intend "for a deferred sentence to be regarded as a sentence for purposes of new trial or appeal. Louisiana courts, | fihowever, have implicitly done so. See, e.g., State v. All Pro Paint & Body Shop, 93-1316 (La. 7/5/94), 639 So.2d 707, 710; State v. Webb, 13-611 (La. App. 5 Cir. 12/12/13), 131 So.3d 942, writ denied, 14-97 (La. 8/25/14), 147 So.3d 698; State v. Vicknair, 09-612 (La. App. 5 Cir. 1/26/10), 32 So.3d 238; State v. Puzzio, 08-484 (La. App. 5 Cir. 11/12/08), 1 So.3d 540; State v. Sander, 10-1640 (La. App. 4 Cir. 7/6/11), 69 So.3d 730, 732; State v. Deluzain, 09-1893 (La. App. 1 Cir. 05/07/10), 38 So.3d 1054, writ denied, 10-1318 (La. 1/14/11), 52 So.3d 898.
Thus, in view of the definition of “sentence” under La. C.Cr.P, art. 871(A) and the foregoing jurisprudence, we find that defendant has been “sentenced” for purposes of . a motion to withdraw guilty plea and for appealing a final judgment of conviction. Accordingly, the district court did not err. by declining to consider defendant’s APCR as a motion to withdraw her guilty plea.
This assignment of error is without merit.
ERRORS PATENT
The record was reviewed for. errors patent according to La. C.C.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). Our review indicates the following errors patent require corrective action.
.First, there is a discrepancy between the sentencing transcript and the commitment minute entry. The transcript reflects that defendant’s sentence was de *1159 ferred, while the commitment minute entry reflects that the sentence was both deferred and suspended. When there is a discrepancy between the commitment and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983). Accordingly, we remand the case for the district court to amend the commitment to correctly reflect the sentence as deferred. Furthermore, the Clerk of Court for the 24th Judicial District Court is ordered to transmit the original of the corrected commitment to the officer in charge of the institution to which ^defendant has been sentenced and to the Department of Corrections’ Legal Department. See State v. Long, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.
Second, we find the district court failed to adequately comply with'the mandate of La. C.Cr.P. art. 896.1(A)(1) that “[t]he restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.”
At the restitution hearing on June 23, 2014, the court ordered restitution, instructed defendant to set up a payment plan with the Probation Collections Office, and advised her that periodic proof of payments will be required, with the first due on October 16, 2014. The court further informed defendant that she had 180 days, or until December 23, 2014, to pay the restitution in full. Under the payment plan set up by the collections office, defendant agreed to pay five monthly installments of $8,786.00, and a sixth of $8,780.20.
At the first proof of payment hearing on October 16, 2014, defendant acknowledged that she had only paid $500, but informed the court she was doing her best to comply with the restitution order in light of her limited means. The court instructed defendant to submit her pay stubs to the collection office to . determine her ■ income and ordered her back on November 10,. 2014.
We find this does not adequately comply with La. C.Cr.P. art. 895.1(A)(1) and so remand the matter with instructions to the district court to determine the manner of restitution payments after considering the earning capacity and assets of defendant. See State v. Webb, 13-611 (La. App. 5 Cir. 12/12/13), 131 So.3d 942, 947.
DECREE
For the foregoing reasons, defendant’s conviction and sentence, are affirmed. This matter is remanded to the district court for amendment of the commitment and I «for determination of the manner of restitution payments based on the defendant’s earning capacity and assets.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS

. 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. La. C.Cr.P. art. 559(A) provides: "Upon motion of the defendant and after a contradictory hearing, which may he waived by the state in writing, the court may permit a plea *1158 of guilty to be withdrawn at any time before sentence.”

. A defendant may only appeal from a final judgment of conviction when sentence has been imposed. See State v. Chapman, 471 So.2d 716 (La. 1985); State v. London, 316 So.2d 743 (La. 1975); State v. Moore, 260 La. 299, 256 So.2d 96 (1971); La. C.Cr.P. art. 912.