STATE OF LOUISIANA

VERSUS

TAMIKA N. GOTCH
A.K.A. "AMOURE A. BEY"

NO. 19-KA-580

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-6126, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING


June 24, 2020


**FREDERICKA HOMBERG WICKER**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois


**CONVICTIONS AFFIRMED; SENTENCES VACATED AND**
**REMANDED; MOTION TO WITHDRAW GRANTED**
    **FHW**
    **SMC**
    **JGG**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Andrea F. Long

COUNSEL FOR DEFENDANT/APPELLANT,
TAMIKA N. GOTCH A.K.A. "AMOURE A. BEY"
    Bertha M. Hillman

**WICKER, J.**

Defendant, Tamika N. Gotch a/k/a "Amoure A. Bey", along with her co-defendant, was charged with and pled guilty to one count of money laundering, one count of theft, and two counts of conspiracy. She was sentenced on each count to five years imprisonment at hard labor, suspended, with three years of active probation, with the sentences to run concurrently. The trial court also ordered defendant to pay $31,344.48 in restitution in connection with count three "jointly and in solido" with her co-defendant.

Appointed counsel for defendant filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) *and State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), seeking to withdraw as attorney of record for defendant, asserting that after thoroughly reviewing the district court record, she could find no non-frivolous issues to raise on appeal.

For the following reasons, we affirm defendant's convictions, vacate her sentences and remand for resentencing consistent with this opinion, and grant appellate counsel's motion to withdraw as counsel of record for defendant.

**PROCEDURAL HISTORY**

On September 24, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant, Tamika N. Gotch a/k/a "Amoure A. Bey" with conspiracy to commit money laundering between $20,000 and $100,000 in violation of La. R.S. 14:26 and La. R.S. 14:230(E)(3) (count one), money laundering between $3,000 and $20,000 in violation of La. R.S. 14:230(E)(2) (count two), theft greater than $25,000 in violation of La. R.S. 14:67 (count three), and conspiracy to commit theft greater than $25,000 in violation of La. R.S. 14:26 and La. R.S. 14:67 (count four). Defendant was arraigned on September 25, 2018, and a not guilty plea was entered.

On May 16, 2019, defendant withdrew her not guilty pleas and pled guilty as charged on all counts. Afterwards, on that same date, the trial court sentenced defendant to imprisonment at hard labor for five years on each count, suspended the sentences, and placed defendant on active probation for three years. The trial court also ordered defendant to pay restitution in the amount of $31,344.48, "jointly and in solido" with her co-defendant, Mr. Hunter.

On July 9, 2019, defendant filed Motion to Stay Final Ruling Pending Appeal with this Court. On July 30, 2019, this Court denied defendant's request for relief, finding that defendant failed to obtain a ruling from the trial court. On August 14, 2019, defendant filed Motion to Stay Final Ruling Pending Appeal in the trial court, which it denied on August 29, 2019.[1] This appeal followed.

**FACTS**

Because defendant pled guilty, the underlying facts were not fully developed at a trial. Nevertheless, the State alleged in the bill of information that defendant, on or between January 1, 2015 and December 31, 2015, in Jefferson Parish, violated La. R.S. 14:26 and La. R.S. 14:230(E)(3) in that she and Kyron J. Hunter a/k/a "Khara Bey" did conspire to acquire or maintain an interest in, received, concealed, possessed, transferred, or transported the proceeds from criminal activity, to wit: between $20,000 and $100,000 (count one); violated La. R.S. 14:230(E)(2) in that she and Hunter acquired or maintained an interest in, received, concealed, possessed, transferred, or transported the proceeds from criminal activity, to wit: between $3,000 and $20,000 (count two); violated La. R.S. 14:67 in that she and Hunter did commit theft of U.S. currency valued at greater than $25,000 from Dimitra Johnson, Catina Carter, Gelender Harrison, Karen Dorsey,

---

[1] Co-defendant, Kyron J. Hunter a/k/a "Khara Bey", also appealed from his convictions and sentences, and judgment was rendered by this Court. See *State v. Hunter*, 19 579 (La. App. 5 Cir. 6/?/20), ___ So.3d ___.

Odile Johnson, Margie Lamartz, Kristian Porter, Jonathan Priar, and/or Laketha Bailey (count three); and violated La. R.S. 14:26 and La. R.S. 14:67 in that she and Hunter did conspire to commit theft of U.S. currency valued at greater than $25,000 (count four).

### *ANDERS* **BRIEF**

Defendant's appointed counsel has filed a brief pursuant to *Anders*, *supra* and *Jyles*, *supra*, asserting that she has thoroughly reviewed the district court record and can find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests permission to withdraw as counsel of record for defendant.

In *Anders*, *supra*, the United States Supreme Court held that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. In *State v. Smith*, 18-142 (La. App. 5 Cir. 8/29/18), this Court further held that the request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw," (*citing McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988)).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court explained that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit, however the brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered

whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id*.

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *Bradford*, 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108. Thus, "when counsel files an Anders brief, an appellate court reviews several items: a) the Bill of Information to ensure the charge is proper, b) all minute entries to ensure that defendant was present at all critical stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal." *State v. Chirlow*, 18-359 (La. App. 5 Cir. 12/12/18), 260 So.2d 1282, 1286 (*citing State v. Dufrene*, 07-823 (La. App. 5 Cir. 2/19/08), 980 So.2d 31, 35. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, the court may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id*.

**ANALYSIS**

Appellate counsel indicates that she has prepared a brief in accordance with *Anders*, *supra* and *Jyles*, *supra*, and after a conscientious and thorough review of the record, she could find no non-frivolous issues to raise on appeal, nor could she find a ruling of the district court which arguably supports an appeal. The State responds that appellate counsel has "cast an advocate's eye" over the record in accordance with *Anders* and *Jyles* and determined there were no non-frivolous

issues to raise on appeal. The State asks this Court to affirm defendant's convictions and sentences.

Appellate counsel has filed a motion to withdraw as attorney of record which states that she has reviewed the record and cannot find any non-frivolous issues to raise on appeal and that she has filed an *Anders* brief. Additionally, this Court sent defendant a letter by certified mail informing her that an *Anders* brief had been filed and that she had until March 23, 2020 to file a pro se supplemental brief. As of the date of this case's submission, defendant has not filed a brief with this Court.

This Court's independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. First, the bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offenses. It also sufficiently identified defendant and the crimes charged. See La. C.Cr.P. arts. 464-466.

Second, the record shows that there are no appealable issues surrounding defendant's presence. The minute entries reflect that defendant appeared at each stage of the proceedings against her, including her arraignment, guilty plea proceeding, and sentencing. Defense counsel filed omnibus motions, including motions to suppress the evidence, statements, and identification. Although the motions were ruled upon, defendant did not object. The motions are considered waived when a defendant does not object to the trial court's failure to hear or rule on a pretrial motion prior to pleading guilty. *See State v. Kelly*, 17-221 (La. App. 5 Cir. 12/29/17), 237 So.3d 1226, 1232, *writ denied*, 18-0153 (La. 11/5/18), 255 So.3d 1051. Further, as there were no rulings, none were preserved for appeal under the holding in *State v. Crosby*, 338 So.2d 584 (La. 1976).

Third, defendant pled guilty as charged to the offenses in the bill of information. If a defendant pleads guilty, he normally waives all non-jurisdictional

defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin*[2] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *Id.*

A review of the record reveals no constitutional infirmity or any irregularity in defendant's guilty pleas that would render them invalid. The record shows that the trial judge had the waiver of rights form in front of him and that defendant indicated she was familiar with it and had signed it. The record shows that defendant was aware that she was pleading guilty to conspiracy to commit money laundering, money laundering, theft, and conspiracy to commit theft. On the waiver of rights form and during the guilty plea colloquy, defendant was advised of her right to a jury trial, her right to confrontation, and her privilege against self-incrimination, as required by *Boykin*, *supra*. Defendant placed her initials next to individual advisals of her rights and placed her signature at the end of the waiver of rights form, thus indicating that she understood she was waiving these rights. She also articulated to the trial court during the colloquy that she understood she was waiving her rights by pleading guilty. Additionally, defendant was informed that her guilty pleas could be used to enhance penalties for future convictions. Defendant confirmed that she had not been forced, coerced, or intimidated into entering her guilty pleas. After her colloquy with defendant, the trial judge

---

[2] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

accepted defendant's guilty pleas as knowingly, intelligently, freely, and voluntarily made.

Fourth, defendant was informed of the sentencing ranges for the offenses and of the sentences she would receive if the trial court accepted her pleas. We note that the trial court incorrectly informed defendant of the sentencing ranges on counts one and four.[3] Nevertheless, the trial court advised defendant that she would be sentenced to five years in the Department of Corrections, suspended, on each count and that she would be placed on active probation for three years, and defendant was sentenced accordingly. We find that the advisement of the agreed upon sentences was sufficient for compliance with La. C.Cr.P. art. 556.1. *See State v. Craig*, 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64.

The transcript does not show that the trial judge ordered the four sentences to run concurrently; however, the sentencing minute entry shows that he did. The transcript prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983). Nevertheless, La. C.Cr.P. art. 883 provides in pertinent part:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently.

Although the trial court did not state that defendant's sentences had to be served at hard labor, "a sentence committing a prisoner to the Department of

---

[3] The trial court informed defendant that the sentencing range on count one was zero to ten years at hard labor; however, the statutes in effect at the time of the offense reflect that the sentencing range on count one was actually one to ten years at hard labor. See La. R.S. 14:26; La. R.S. 14:230(E)(3). The trial court correctly informed defendant of the sentencing ranges on counts two and three; however, the trial court stated that the sentences on counts two and three had to be served in the Department of Corrections whereas the statutes in effect at the time of the offense indicate that the sentences on those counts could be served with or without hard labor. See La. R.S. 14:230(E)(2); La. R.S. 14:67. The trial court informed defendant that the sentencing range on count four was zero to ten years in the Department of Corrections; however, the statute in effect at the time of the offense reflects that the sentencing range on count four was actually two and one-half to ten years with or without hard labor. See La. R.S. 14:26; La. R.S. 14:67.

Corrections is necessarily at hard labor." *State v. Lawson*, 04-334 (La. App. 5 Cir. 9/28/04), 885 So.2d 618, 621 n.2.

Because the offenses in the instant case constitute parts of a common scheme or plan, we find that the sentences shall be served concurrently since the trial court did not direct that they be served consecutively. No corrective action need be taken.

In addition, defendant's five-year sentences on each count are within the sentencing ranges prescribed by the relevant statutes. Also the sentences were imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence that was imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. *State v. Moore*, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46.

Upon a review of the record, we find no non-frivolous issues for appeal. Appellate counsel has adequately shown her review and analysis of the record in this case. Our independent review of the record confirms counsel's assertions set forth in the *Anders* brief. Accordingly, we grant appellate counsel's motion to withdraw as attorney of record for defendant.

**ERRORS PATENT DISCUSSION**

We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990) and find the following issue for review.

The transcript reflects that the trial judge ordered defendant to pay $31,344.48 in restitution in connection with count three "jointly and *in solido*" with her co-defendant, Mr. Hunter. The sentencing minute entry indicates that the restitution was payable through "court collections" within three years. The waiver of rights form simply reflects that the total restitution in connection with count

three was $31,344.48. The form entitled, "Felony: Schedule of Fines, Fees, Sentencing Provisions & Probation Requirements" shows that defendant was to make restitution within thirty-six months in equal installments through the collections office in the amount of $31,344.48, and it cites La. C.Cr.P. art. 895.1. The Collections Office form in the record, filed on May 17, 2019, shows that defendant owes $31,344.48, with a monthly payment of $875. However, the entire form is not in the record.

We find that the amount of restitution is indeterminate. Instead of ordering defendant to pay restitution "jointly and *in solido*," the trial court should have ordered each defendant to pay a specific amount.

In *State v. Hall*, 03-1384 (La. App. 5 Cir. 3/30/04), 871 So.2d 558, in an errors patent review, this Court found that the trial judge did not set a specific amount to be paid in restitution. Instead, the trial judge stated that total restitution would be $154.03 at a minimum or as determined by the Department of Probation and Parole. The trial judge also stated that the restitution would be joint, several, and *in solido* and that while each of the three defendants would be required to pay her fair share, each would also be responsible if the other did not pay. This Court found that the trial judge erred by not advising each defendant of the exact amount of restitution they were required to pay; by not clarifying what he meant by joint, several, and *in solido* liability, which were civil terms that lay persons probably would not understand; and by not stating whether restitution was being ordered as a condition of probation under La. C.Cr.P. arts. 893 and 895(7) or as part of the sentence under La. C.Cr.P. art. 883.2. Accordingly, this Court vacated the sentences and remanded for resentencing for the trial court to set a determinate amount of restitution.

As in *Hall*, the trial court in this case did not advise defendant of the exact amount of restitution she was required to pay and did not clarify what it meant by

"jointly and *in solido*," which are civil terms that lay persons probably would not understand. Accordingly, we vacate the sentences and remand for resentencing for the trial court to set a determinate amount of restitution.

Also, we cannot determine from the record whether the trial court considered defendant's earning capacity and assets in ordering defendant to pay restitution, as required by La. C.Cr.P. art. 895.1(A)(1), which provides that "[t]he restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant." Therefore, on remand, the trial court is to determine the manner of restitution payments after considering the earning capacity and assets of defendant. *See State v. Stiller*, 16-659 (La. App. 5 Cir. 7/26/17), 225 So.3d 1154, 1159.

For the above discussed reasons, we affirm defendant's convictions, vacate defendant's sentences and remand for resentencing in accordance with our findings on the errors patent review, and grant appellate counsel's motion to withdraw as counsel of record for defendant.

**CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED; MOTION TO WITHDRAW GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JUNE 24, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-KA-580

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
ANDREA F. LONG (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          BERTHA M. HILLMAN (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053