RESHONDA BROWN A/K/A
RESHONDA MILLER

VERSUS

STATE OF LOUISIANA

NO. 23-KH-91

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

December 22, 2023

Linda Wiseman
First Deputy Clerk

IN RE RESHONDA BROWN A/K/A RESHONDA MILLER

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLESHAYNA BEEVERS MORVANT, DIVISION "M", NUMBER 14-450

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Stephen J. Windhorst

## WRIT GRANTED; MATTER REMANDED WITH INSTRUCTIONS

Relator, Reshonda Brown a/k/a Reshonda Miller, seeks review of the district court's ruling denying her motion for expungement. For the following reasons, we find merit to relator's arguments and accordingly grant her writ application and remand the matter to the district court with instruction as set forth herein.

On October 30, 2017, relator pled guilty under La. C.Cr.P. art. 893 to one count of theft over $1,500.00, in violation of La. R.S. 14:67. The trial court deferred imposition of relator's sentence, placed her on active probation for three years, and ordered her to pay restitution in the amount of $19,061.56 as a special condition of probation. On November 8, 2018, the restitution was converted into a civil money judgment based on relator's failure to pay. According to the assessment made by the collections officer for the 24th Judicial District Court, relator owed a balance of $17, 915.50. On June 24, 2019, relator's probation was terminated as compliant.

1

On August 16, 2022, relator filed her original motion for expungement but subsequently amended her motion to include an arrest number that was omitted from the original motion. On January 3, 2023, the Jefferson Parish Sheriff's Office, the arresting law enforcement agency, filed an affidavit of response with the district court, stating "no opposition," and consented to a waiver of a contradictory hearing on the expungement motion. On January 13, 2023, the Louisiana State Police filed an affidavit of response with the district court stating that they took no position on relator's expungement motion.

On January 19, 2023, the district court held a hearing on relator's motion for expungement. At the hearing, the prosecutor stated that the Jefferson Parish District Attorney's Office had no opposition to the expungement motion, "notwithstanding the outstanding restitution issue." Jan Arabie, the collections officer for the 24th Judicial District Court, also appeared at the hearing, voicing concern over the department's ability to collect restitution if the expungement motion was granted. At the conclusion of the hearing, the district court denied relator's motion for expungement, stating as follows:

> [T]he Court does not find in its discretion that that is appropriate to grant the expungement, especially in light of the fact that Collections would no longer be able to continue collecting this if the Court were to grant the expungement. For that reason and the fact that the victim needs to be made whole, the Court does deny the expungement.

Relator now contends that the district court erred in denying her motion for expungement based on the outstanding restitution amount owed to the victim. She asserts that she is entitled to have her theft conviction expunged based on her first offender pardon status and the absence of opposition to her expungement motion. We agree.[1]

---

[1] Whether a trial court was legally correct in its interpretation and application of the felony expungement statute is a question of law that is reviewed de novo, affording no deference to the trial court's decision. *State v. Dempster*, 20-67 (La. App. 5 Cir. 7/29/20), 301 So.3d 1203.

La. C.Cr.P. art. 978(A)(3) provides that a person may file a motion to expunge a record of arrest and conviction of a felony offense if "[t]he person is entitled to a first offender pardon for the offense pursuant to Article IV, Section 5(E)(1) of the Constitution of Louisiana, provided that the offense is not defined as a crime of violence pursuant to R.S. 14:2(B) or a sex offense pursuant to R.S. 15:541." Pursuant to La. C.Cr.P. art. 979, the clerk of court is required to serve notice of the motion for expungement on the district attorney of the parish of conviction, the Louisiana Bureau of Criminal Identification and Information, and the arresting law enforcement agency. These entities may object to the granting of a motion to expunge a record or may expressly waive its time period to object by filing a formal "No Opposition" into the record. La. C.Cr.P. art. 980(A) and (G). La. C.Cr.P. art. 980(F) provides: "If no objection is filed by an agency listed under Article 979 of this Code, the defendant may waive the contradictory hearing, and the court shall grant the motion to expunge the record if the court determines that the mover is entitled to the expungement in accordance with law." Furthermore, since the purpose of La. C.Cr.P. art. 978 is remedial, rather than penal, it is to be liberally construed to make the statutory rule apply in more situations than would be the case under strict construction. *State v. A.R.W.*, 17-1162 (La. App. 1 Cir. 2/16/18), 242 So.3d 648, 654.

In the present case, as part of her expungement motion filed with the district court, relator submitted a document, dated July 25, 2022, from the Department of Public Safety and Corrections captioned as a "First Offender Certification Letter," indicating that she completed her sentence on May 2, 2019, and met the requirements to receive a first offender pardon pursuant to Article IV, § 5(E)(1) of the Louisiana Constitution. In addition, none of the entities set forth in La. C.Cr.P. art. 979 objected to relator's motion for expungement. As relator met the

requirements of the expungement provisions, we find that the trial court erred in denying her motion for expungement.

The district court's basis for denying relator's motion focused on "the fact that Collections would no longer be able to continue collecting this if the Court were to grant the expungement." However, payment of restitution is not a requirement for expungement under the provisions of La. C.Cr.P. art. 978. Furthermore, the remainder of the restitution owed can still be collected as it was converted into a civil money judgment. *See* La. C.Cr.P. art. 886(A). Additionally, relator's verification letter of her first offender pardon status states: "This pardon does not constitute a waiver of any unpaid court costs, restitution or past probation and parole fees."

Accordingly, we vacate the district court's denial of relator's motion for expungement and remand the matter to the district court with direction to grant relator's motion for expungement pursuant to the provisions of La. C.Cr.P. art. 978(A)(3).

Gretna, Louisiana, this 22nd day of December, 2023.

**RAC**
**MEJ**

4

RESHONDA BROWN A/K/A RESHONDA                    NO. 23-KH-91

MILLER                                           FIFTH CIRCUIT

VERSUS                                           COURT OF APPEAL

STATE OF LOUISIANA                               STATE OF LOUISIANA


**WINDHORST, J., DISSENTS WITH REASONS**

I respectfully disagree with the grant of this writ, and would deny.

Pursuant to relator's plea agreement, the imposition of her sentence was *deferred*, pursuant to La. C.Cr.P. art. 893 E(1)(a), which states:

> When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole.

As a result, the district court did not sentence relator, but placed her on pre-sentence probation. In other words, execution of relator's sentence was not suspended subject to her compliance with conditions of probation; instead, relator was provided with the conditions of the pre-sentence probation, and her motive for compliance therewith was earning eligibility for the benefits of La. C.Cr.P. art. 893 E(2) and possible subsequent expungement of her conviction (as opposed to serving a previously suspended sentence). State v. Stiller, 16-659 (La. App. 5 Cir. 7/26/17), 225 So.3d 1154, 1159-1160 (Windhorst, J., dissenting).

Further, La. C.Cr.P. art. 893 E(2) provides:

> Upon motion of the defendant, **if the court finds** at the conclusion of the probationary period **that the probation of the defendant has been satisfactory, the court *may* set the conviction aside and dismiss the prosecution.** * * * [Emphasis added.]

Thus, depending on relator's compliance with and her performance while on this pre-sentence probation, the district court has the discretion to either dismiss the

1

prosecution or impose an appropriate sentence. Here, the district court still has that discretion.

Louisiana case law has distinguished between a deferred sentence and a suspended sentence. Id. In cases involving a *suspended* sentence, this court has found that a defendant is entitled to expungement of her criminal record. State v. Green, No. 08–KA–273 (La. App. 5 Cir. 2008), 997 So.2d 42, citing State v. Comardelle, 942 So.2d 1126 (La. App. 5 Cir. 9/26/06).

In the case before us, the district court followed La. C.Cr.P. art. 893 E(1)(a) and did not sentence relator, but *deferred* sentencing. Because relator has not yet been sentenced, the district court still has the authority to determine whether relator has or has not satisfactorily complied with the conditions of her La. C.Cr.P. art. 893 E(1)(a) probation, and may then either set aside the conviction and dismiss the prosecution, or it may sentence relator. Therefore, relator's motion for expungement is premature. Consequently, I find no error in the district court's refusal to grant relator's motion for expungement at this time.

Furthermore, it is clear that none of the requirements of La. C.Cr.P. art. 978 A have been met. Article 978 A provides that a person may file a motion to expunge his record of arrest and conviction of a felony offense if any of the following apply:

> (1) The conviction was set aside and the prosecution was dismissed pursuant to Article 893(E).
>
> (2) More than ten years have elapsed since the person completed any sentence, deferred adjudication, or period of probation or parole based on the felony conviction, and the person has not been convicted of any other criminal offense during the ten-year period, and has no criminal charge pending against him. The motion filed pursuant to this Subparagraph shall include a certification obtained from the district attorney which verifies that, to his knowledge, the applicant has no convictions during the ten-year period and no pending charges under a bill of information or indictment.
>
> (3) The person is entitled to a first offender pardon for the offense pursuant to Article IV, Section 5(E)(1) of the Constitution of Louisiana, provided that the offense is not defined as a crime of violence pursuant to R.S. 14:2(B) or a sex offense pursuant to R.S. 15:541.

2

First, with regard to La. C.Cr.P. art. 978 A(1), relator's conviction has not been set aside, and the prosecution has not been dismissed, which is within the district court's discretion.  See, La. C.Cr.P. art. 893 E(1)(a).  Second, ten years have not elapsed since relator completed her period of probation, as required by La. C.Cr.P. art. 978 A(2).  Third, the district court found that there was "no documentation of any pardon," in order to satisfy La. C.Cr.P. art. 978 A(3).[2]  As a result, relator has not established entitlement to expungement under La. C.Cr.P. art. 978.

## CONCLUSION

In sum, relator/defendant has not been sentenced.  The district court deferred sentencing pursuant to La. C.Cr.P. art. 893 E(1)(a), and placed relator on probation with conditions.  The district court still has the authority under La. C.Cr.P. art. 893 E(2) to determine whether relator has satisfactorily completed probation, and further, whether to set aside the conviction and dismiss the prosecution, and may still do so.

Relator was not entitled to file a motion for expungement because none of the prerequisites of La. C.Cr.P. art. 978 A have been met.  I therefore find no error in the district court's denial of expungement.  Accordingly, I would deny this writ and would permit the trial judge to sentence the defendant, as is her prerogative.

**SJW**

---

[2] Relator asserts that she filed a copy of her first offender pardon letter with her motion for expungement. Thus, it is unclear whether the letter was presented to the district court or whether the district court found the letter invalid or insufficient. Relator failed to introduce the letter into evidence as an exhibit at the proceeding on her motion.  Even if the alleged first offender pardon letter had been introduced, it mistakenly states that the defendant was sentenced, which she was not.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **12/22/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**23-KH-91**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Shayna Beevers Morvant (DISTRICT JUDGE)
Thomas J. Butler (Respondent)          John J. Radziewicz (Relator)

### MAILED

Lauren T. Kirichkow (Relator)
Attorney at Law
935 Gravier Street
Suite 850
New Orleans, LA 70112

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

**For delivery information, visit our website at *www.usps.com®*.**

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$

Lauren T. Kirichkow
Attorney at Law
935 Gravier Street
Suite 850
New Orleans, LA 70112
23-KH-91                    12-22-23

**PS Form 3800, April 2015** PSN 7530-02-000-9047          See Reverse for Instructions

7016 2070 0000 0954 8568

**SENDER: *COMPLETE THIS SECTION***

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lauren T. Kirichkow
Attorney at Law
935 Gravier Street
Suite 850
New Orleans, LA 70112
23-KH-91                    12-22-23

9590 9402 2434 6249 3567 67

2. Article Number *(Transfer from service label)*
7016 2070 0000 0954 8568

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X                           ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

**PS Form 3811, July 2015** PSN 7530-02-000-9053          Domestic Return Receipt