707 So.2d 82 (1998)
STATE of Louisiana
v.
Luis V. GONZALES.
No. 97-KA-767.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1998.
*83 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Vincent Paciera, Assistant District Attorneys, Gretna, for Plaintiff/Appellee.
Bertha M. Hillman, Thibodaux, for Defendant/Appellant.
Before WICKER, GOTHARD and DALEY, JJ.
GOTHARD, Judge.
Luis V. Gonzales, the defendant, was charged by bill of information filed on April 3, 1997 with possession of over four hundred grams of cocaine, a violation of LSA-R.S. 40:967(F). When arraigned on April 9, 1997, the defendant entered a plea of not guilty to the charge. On May 14, 1997, the defendant withdrew his plea of not guilty and entered a guilty plea. After accepting the defendant's guilty plea, the trial court set the sentencing for May 22, 1997. The defendant filed a pro se motion to withdraw guilty plea on May 22, 1997, and on the same day, the trial court denied the motion. Thereafter, in conformity with the plea agreement, the trial court sentenced defendant to the statutory minimum of thirty years at hard labor. The defendant then filed a motion to reconsider sentence and a motion for appeal. The trial court denied the motion to reconsider sentence, and the court later granted the motion for appeal. On August 1, 1997, the defendant filed a pro se motion to reconsider sentence, and the trial court issued an order denying the motion, citing defendant's pending appeal.
Because this appeal concerns a guilty plea, the record does not contain any facts relevant to the charged offense; however, the bill of information alleges that the defendant knowingly or intentionally possessed over 400 grams of cocaine on March 14, 1997 within the jurisdiction of Jefferson Parish.
In his sole assignment of error, the defendant contends that the trial court erred in *84 denying his motion to withdraw his guilty plea.
LSA-C.Cr.P. art. 559(A) gives the trial judge the discretion to permit the withdrawal of a guilty plea at any time prior to sentencing. However, this discretion cannot be exercised arbitrarily, and abuse of discretion can be corrected on appeal. State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909. As a general rule, a denial of a motion to withdraw guilty plea will not be reversed on appeal if the record clearly shows that the defendant was informed of his rights and of the consequences of his plea, and that the plea was entered voluntarily. State v. Guzman, 95-444 (La.App. 5 Cir. 11/15/95), 665 So.2d 512, writ denied, 95-2853 (La.2/28/96), 668 So.2d 366.
Because a plea of guilty waives an accused's fundamental right to a jury trial, right to confront his accusers and his privilege against self-incrimination, due process requires as a prerequisite to its validity that the plea be a voluntary and intelligent relinquishment of known rights. The record of the plea must show that the defendant was informed of these three basic rights and then knowingly and intelligently waived them. State v. Hapner, 96-323 (La.App. 5 Cir. 10/1/96), 683 So.2d 777. In ruling on a motion to withdraw a guilty plea, a trial court is not limited to a review of the guilty plea colloquy; it may also order an evidentiary hearing. State v. Greer, 572 So.2d 1166 (La. App. 1 Cir.1990).
In his pro se motion to withdraw guilty plea, the defendant alleged that he pled guilty because his attorney informed him (through the interpreter) that if he did not plead guilty he would have to go to trial that day; that he pled guilty out of fear of proceeding to trial unprepared; that the evidence seized in his case was the fruit of an invalid stop; and that he was unfairly deprived of a hearing on his motion to suppress. The defendant further alleged that his guilty plea had been coerced and that he did not fully understand the implications of his plea.
In his brief, the defendant argues that the trial court should have conducted a hearing or an inquiry on the motion to withdraw guilty plea. However, the defendant did not request a hearing on the motion to withdraw guilty plea, and although defense counsel objected to the denial of the motion, he never mentioned the court's failure to hold a hearing. Thus, the defendant has not properly preserved this issue for appeal. LSA-C.Cr.P. art. 841; State v. Greer, supra.
Additionally, the defendant argues that due to a language barrier[1], he was unable to fully understand the implications of his guilty plea and therefore his plea was not knowingly and voluntarily made.
However, we find that the defendant's plea was knowingly and voluntarily entered with full understanding of its implications. The record shows that the defendant was fully apprised of his constitutional rights. Defense counsel explained, through the interpreter, the offense with which the defendant was charged and the terms of the proposed plea agreement. Counsel then explained the defendant's three Boykin[2] rights: the right to trial by jury, the right to confront his accusers and the privilege against self-incrimination. The defendant indicated, through the interpreter, that he understood his rights, and that he was waiving them of his own free will. The defendant also signed a waiver of rights form after reviewing it with the interpreter. The trial court adopted the colloquy between defense counsel and the defendant and found that the defendant's plea was knowingly and voluntarily entered. Moreover, there is no evidence showing that the defendant did not understand the ramifications of his guilty plea. Accordingly, the trial court did not abuse its discretion in denying defendant's motion to withdraw guilty plea.
Our review of the record for errors patent reveals that the trial court imposed an *85 illegally lenient sentence in two respects. First, the court failed to impose a fine, as required under LSA-R.S. 40:967(F)(1)(c). Second, the trial court failed to order that the sentence be served without benefit of parole, probation or suspension of sentence, as required under LSA-R.S. 40:967(G). However, the state has not raised the issue, and an appellate court may not amend or set aside an illegally lenient sentence on its own motion, when the defendant alone has appealed and the prosecutor has not sought review of sentence. State v. Fraser, 484 So.2d 122 (La.1986); State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108. Therefore, any sentencing error in the defendant's favor should not be corrected by the court.
Also on review of the record for errors patent, we note that while the commitment reflects that the defendant was given credit for time served pursuant to LSA-C.Cr.P. art. 880, the transcript does not so reflect. Generally, where there are discrepancies, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). However, since article 880 is mandatory in nature, the defendant is entitled to credit for time served despite the fact that it is not specifically stated in the transcript. State v. Andrews, 95-129 (La.App. 5 Cir. 11/15/95), 665 So.2d 454. Accordingly, the defendant's sentence is amended to award credit for time actually spent in custody, if any, prior to the imposition of his sentence.
For the foregoing reasons, we affirm the defendant's conviction and the sentence imposed as amended.
AFFIRMED AS AMENDED.
NOTES
[1] The defendant spoke little or no English and a Spanish-English interpreter was engaged to translate the proceedings for him.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).