906 So.2d 399 (2005)
STATE ex rel. Darrell TURNER
v.
STATE of Louisiana.
No. 2004-KH-2842.
Supreme Court of Louisiana.
June 24, 2005.
PER CURIAM.
Writ granted in part; otherwise denied; case remanded. The plea of guilty form executed September 4, 2003, and the transcript of sentencing on that date reflect that when relator entered his guilty plea he relied on a promise of a sentence running concurrently with his sentence due to a parole revocation. The trial court accordingly specified that the sentence it imposed would run concurrently with "whatever time [relator was] currently serving." That part of the plea bargain appears to have been inadvertently breached when the court resentenced relator as an habitual offender pursuant to La.R.S. 15:529.1 but failed to provide that the enhanced sentence would run concurrently with relator's term of imprisonment for violation of parole. Cf. La.R.S. 15:574.10 (sentence for new felony leading to parole revocation shall run consecutively to the term of imprisonment for violation of parole "unless a concurrent term is expressly directed by the court."). Accordingly, the district court is ordered to resentence relator promptly in conformity with the plea bargain as reflected by relator's original sentence. See State v. Tanner, 425 So.2d 760, 763 (La.1983); State v. Hingle, 242 La. 844, 139 So.2d 205, 210 (1961). The clerk of court shall transmit a copy of the minutes of resentencing to the officials at the C. Paul Phelps Correctional Center, where relator is presently incarcerated, in accord with the requirements of La.C.Cr.P. art. 892(B)(1)(b) and (C). In all other respects the application is denied.