LILJEBERG, J.
11 Defendant appeals his conviction and sentence for vehicular homicide, arguing that his guilty plea was not knowingly and voluntarily made. For the following reasons, we affirm defendant’s conviction, but we set aside the fine imposed and remand for resentencing in conformity with the plea agreement.
*1063 PROCEDURAL HISTORY
Defendant, Darwin Ferrera, was charged with vehicular homicide, in violation of La. R.S. 14:32.1. He initially pleaded not guilty. However, he subsequently withdrew his not guilty plea, and pleaded guilty as charged. At a hearing four days after his guilty plea, the trial court sentenced defendant to 20 years imprisonment at hard labor with the first three years to be served without the benefit of parole, probation, or suspension of sentence. The court also imposed a $10,000 fine and ordered his sentence to run concurrently with his sentence for the charge of failure to yield in case number 14-4038, which arose from the same incident.
FACTS
Because defendant pleaded guilty, the underlying facts were not fully developed at a trial. In the bill of information, the State alleged that on or about June 12, 2014, defendant committed vehicular homicide, in violation of La. R.S. 14:32.1, in that he caused the death of Ewin Zelaya while operating a motor vehicle under the influence of alcoholic beverages.
LAW AND DISCUSSION
On appeal, defendant has filed a counseled appellate brief and a pro se brief, setting forth one assignment of error in each. In defendant’s counseled brief, he argues that he should be given the opportunity to withdraw his guilty plea, because he did not enter it knowingly and intelligently. He states that he does not speak or | comprehend English, and the waiver of constitutional rights form was written only in English. He asserts that the record supports his claim that he did not understand the terms of the plea agreement, because the terms on the waiver of rights form were inconsistent with an assertion made by his attorney prior to his plea. Particularly, defendant notes that his attorney informed the court that it was his understanding that the State was going to dismiss case number 14^4038 and that defendant would plead guilty to the charge in case number 14-3139, the instant matter. However, the waiver of constitutional rights form did not indicate that the charge in case number 14-4038 was to be dismissed or nolle prossed. He contends that his initials on a form written in English do not show that he understood what he was agreeing to. Accordingly, he claims that he should be allowed to withdraw his plea.
The State responds that defendant, a non-English speaker, entered a knowing and voluntary guilty plea to vehicular homicide with the assistance of a Spanish interpreter while represented by a defense attorney who was fluent in Spanish. The State contends that the terms and conditions of the plea agreement were met and even assuming arguendo that defendant was initially under a mistaken belief that his misdemeanor case would be dismissed, such misunderstanding was not induced by or attributable to representations made by the prosecutor or the trial judge. The State further avers that given the fact that defendant entered into guilty pleas for both the instant matter and the misdemeanor prior to being sentenced in either matter, and that he received concurrent sentences, the record evidences that the dismissal of the misdemeanor charge was not a material condition of the plea agreement in his vehicular homicide case. Therefore, the State concludes that the conviction and sentence resulting from defendant’s guilty plea to vehicular homicide should be upheld.
|sIf a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction *1064 relief. State v. Wingerter, 05-697, p. 5 (La. App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Additionally, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[1] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id.
In State v. Gonzales, 97-767, p. 5 (La. App. 5 Cir. 1/14/98), 707 So.2d 82, 84, this Court held that the record supported a valid guilty plea, despite the defendant’s contention that he could not understand the proceedings against him. In that case, the defendant spoke Spanish and little or no English. Gonzales, 707 So.2d at 84, n.1. Defendant entered a guilty plea after being advised of his rights, through an interpreter, and the Boykin colloquy was translated by the interpreter. Defendant indicated, through the interpreter, that he understood his rights and was waiving them of his own free will. This Court affirmed the trial court’s denial of the defendant’s motion to withdraw his guilty plea, reasoning that the record did not show that the defendant could not understand the consequences of his guilty plea. Gonzales, 707 So.2d at 84.
In the instant case, a review of the record indicates that defendant’s guilty plea was knowingly and voluntarily made. The record shows that an interpreter was appointed and sworn and was present throughout the proceedings in this matter, including the guilty plea colloquy and sentencing. Through the interpreter, defendant indicated that he was aware he was pleading guilty to vehicular |/homicide, that he understood the legal consequences of pleading guilty, and that he wished to plead guilty. He was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin, and he indicated that he understood he was waiving these rights. Defendant was also advised of his rights by means of the waiver of rights form, and he acknowledged, through the interpreter, that he signed the waiver of rights form. Defendant acknowledged that his attorney had communicated with him in defendant’s native language and that his attorney read and explained the guilty plea form to him.
The trial court also advised defendant of the possible sentencing range for vehicular homicide and of the actual, sentence that would be imposed. The trial court accepted defendant’s guilty plea as having been knowingly, intelligently, freely, and voluntarily made.
Where a defendant’s alleged misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there are no grounds for withdrawal of the plea. State v. Phillips, 09-455, p. 8 (La.App. 5 Cir. 3/9/10), 39 So.3d 610, 616; State v. Hoover, 34,952, p. 4 (La.App. 2 Cir. 4/5/01), 785 So.2d 184, 188. When the record establishes that an accused was informed of and waived his right to trial by jury, to confront his accusers and against self-incrimination, the burden shifts to the accused to prove that despite this record, his guilty plea was involuntary. State v. Harrell, 09-364 (La.App. 5 Cir, 5/11/10), 40 So.3d 311, 321, writ denied, 10-1377 (La. 2/10/12), 80 So.3d 473.
The record reflects that before defendant entered his not guilty plea, defense counsel expressed that it was his *1065 “understanding that the district attorney’s office [was] going to null pros [sic] case 14-4038.” However, neither the trial court nor the district attorney responded to defense counsel’s assertions. The guilty plea Lform does not refer to the dismissal of case number 14-4038, and the record does not show that the State or trial judge agreed to dismiss case number 14-4038 in exchange for defendant’s guilty plea to the vehicular homicide charge. Four days after defendant pleaded guilty to the instant matter, defendant entered a guilty plea in case number 14-4038 to the misdemeanor charge of failure to yield, in violation of La. R.S. 32:123, and then he was sentenced on both charges. The record reflects that neither defendant nor defense counsel objected before defendant entered a guilty plea in case number 14-4038. Additionally, it appears that the dismissal of the charge in case number 14-4038 was not a material inducement as defendant was sentenced to one year imprisonment in that case, to run concurrently with his 20-year sentence in the instant matter. Based on the foregoing, we find that defendant’s guilty plea was not constitutionally infirm, and therefore, he is not entitled to withdraw it.
In his pro se brief, defendant sets forth the same assignment of error as he raised in his counseled brief. However, he makes several different arguments as to why his guilty plea should be found invalid and why his sentence should be vacated.
Defendant argues that'his sentence was excessive, claiming the trial court erred by imposing a sentence that was greater than the mandatory minimum sentence. La. C.Cr.P. art. 881.2 provides that the defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. With regard to defendant’s sentence, the record reflects that the trial court explained the specific sentence it would impose if defendant entered a guilty plea and that defendant knew that his plea of guilty would result in a sentence of 20 years of imprisonment. Because the record reveals that defendant’s sentence of imprisonment was imposed in conformity with a plea ^agreement set forth in the record at the time of the plea, defendant is precluded from raising a claim of excessiveness of sentence on appeal. See State v. Lee, 02-529 (La.App. 5 Cir. 10/29/02), 831 So.2d 395, 397.
Defendant also alleges the trial court violated his constitutional rights because it did not inform him of the nature and cause of the accusation against him. However, in a criminal prosecution instituted by the filing of a bill of information, the bill of information serves to inform the defendant of the nature and cause of the accusation as required by the Louisiana Constitution. State v. Bruce, 11-991, p. 5 (La.App. 5 Cir. 10/30/12), 102 So.3d 1029, 1033, writ denied, 12-2568 (La. 4/26/13), 112 So.3d 839. Here, the bill of information states in pertinent part that defendant committed vehicular homicide, in violation of La. R.S. 14:32.1, “in that he caused the death of Ewin Zelaya while operating a motor vehicle under the influence of alcoholic beverages.” The record reflects that defendant was aware of the nature of the charge to which he was pleading and that he entered his plea knowingly and voluntarily. This argument is without merit.
Defendant also complains that there was no factual basis provided before his guilty plea was accepted. In State v. Smith, 09-769, p. 3 (La.App. 5 Cir. 3/9/10), 38 So.3d 894, 896 n.1, writ denied, 10-843 (La. 11/5/10), 50 So.3d 812, this Court noted that ‘ “the due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea. Louisiana law, unlike *1066 [federal law] has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis.” ’ Id. This Court in Smith further stated that due process required a factual basis for a defendant’s guilty plea only when a defendant proclaimed his innocence or when the trial court was otherwise put on notice that there was a need for an inquiry into the factual basis. Id. In the instant 17case, defendant has not proclaimed his innocence, and the trial court was not put on notice that there was a need for a factual basis. This argument lacks merit.
Defendant further contends that the trial judge did not comply with La. C.Cr.P. art. 556.1, rendering his guilty plea invalid. La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty and the maximum possible penalty. However, contrary to defendant’s assertions, the record reflects that defendant was informed that he was pleading guilty to vehicular homicide, as well as the mandatory minimum and maximum possible penalties.
Defendant also contends that the evidence was insufficient to support his conviction. In support of his argument, he extensively cites testimony adduced at his preliminary examination. To the extent that he is complaining that the facts do not support a charge of vehicular homicide, a plea of guilty by its nature admits factual guilt and relieves the State of the necessity to prove it by a contested trial. Therefore, a defendant cannot challenge the sufficiency of the evidence after he pleads guilty. State v. Smith, 07-815 (La.App. 5 Cir. 3/11/08), 982 So.2d 821, 824 n. 3, writ denied, 08-927 (La. 11/14/08), 996 So.2d 1088.
Defendant also avers that the trial court made reversible errors with its rulings on “Probable Cause and Discovery.” However, as previously noted, if a defendant pleads guilty he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea proceedings and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 926 So.2d at 664. The record reflects defendant did not preserve these rulings, or any other rulings, for appellate review under the holding in State v. Crosby, 338 So.2d 584 (La. 1976).
| ^Finally, defendant makes a claim of ineffective assistance of counsel, alleging that his attorney failed to investigate his case. Defendant alleges that his attorney “failed to properly, aggressively, diligently, and competently litigate the case” because he failed to obtain discovery files and his trial strategy was not reasonably effective as it resulted in defendant’s guilty plea and excessive sentence of 20 years.
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant’s right to effective assistance of trial counsel. According to the United States Supreme Court’s opinion in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant asserting an ineffective assistance claim must show: 1) that defense counsel’s performance was deficient; and 2) that the deficiency prejudiced the defendant. The defendant has the burden of showing that “there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694, 104 S.Ct. 2052.
Generally, an ineffective assistance of counsel claim is most appropriate *1067 ly addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, if necessary, rather than by direct appeal. State v. Taylor, 04-846 (La. App. 5 Cir. 10/26/04), 887 So.2d 589, 595. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under La. |sC.Cr.P. arts. 924-980.8. State v. Happens, 13-948 (La. App. 5 Cir. 4/23/14), 140 So.3d 293, 301, writ denied, 14-1856 (La. 9/11/15), 176 So.3d 414.
In the present case, the record is insufficient to fully explore defendant’s claim that his trial counsel was ineffective for failing to adequately investigate and prepare defendant’s case. Based on the limited record on appeal, defendant’s ineffective assistance of counsel claims would be more appropriately raised in an application for post-conviction relief in the trial court, where a full evidentiary hearing can be conducted, if necessary, and defendant can present evidence to support his allegations.
ERRORS PATENT
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). One error requiring corrective action was noted.
The record reflects that during the guilty plea colloquy and on the waiver of rights form, defendant was informed that a $2,000 fine would be imposed as part of his sentence, pursuant to the plea agreement. However, at the sentencing hearing, the trial court imposed a $10,000 fine.
When a plea bargain is breached, albeit inadvertently, by imposition of a sentence greater than that agreed upon, the defendant is entitled to specific performance of the plea bargain by resentenc-ing in accordance with the agreement perfected, or withdrawal of the guilty plea, whichever due process requires under the facts of the case. State v. Louis, 446 So.2d 822, 824 (La. App. 2 Cir. 1984); State v. Ebright, 04-972 (La.App. 5 Cir. 1/11/05), 894 So.2d 359, 361.
In State ex rel. Turner v. State, 04-2842 (La. 6/24/05), 906 So.2d 399, the Louisiana Supreme Court found that part of a plea bargain appeared to have been) in inadvertently breached when the court resen-tenced defendant as a habitual offender but did not order his sentence to run concurrent with defendant’s sentence for a parole violation, as agreed by the parties in the plea agreement. The Court ordered the trial court to promptly resentence defendant in conformity with the plea agreement. Id. See also State v. Keener, 41,246 (La.App. 2 Cir. 8/23/06), 939 So.2d 510.
In the present case, the trial court imposed a $10,000 fine, which was not in accordance with the terms of the plea agreement, as set forth during the guilty plea colloquy and on the waiver of rights form. Under the circumstances of this case, we find that defendant is entitled to specific performance of the plea agreement. Accordingly, we set aside the fine imposed, remand, and order the trial court to promptly resentence relator in conformity with the plea agreement.
DECREE
For the foregoing reasons, we affirm defendant’s conviction, set aside the $10,000 fíne, and remand for resentencing in conformity with the plea agreement.
*1068 CONVICTION AFFIRMED; REMANDED FOR RESENTENCING

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).