STATE OF LOUISIANA

VERSUS

ABDELLAH KARIM

NO. 19-KA-133

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-2750, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

September 09, 2020

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Stephen J. Windhorst

**CONVICTION AND SENTENCE AFFIRMED**
    **SJW**
    **RAC**

**WICKER, J., CONCURS IN PART, DISSENTS IN PART**
    **FHW**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Paul D. Connick, Jr.
Terry M. Boudreaux
Gail D. Schlosser
Joshua K. Vanderhooft

COUNSEL FOR DEFENDANT/APPELLANT,
ABDELLAH KARIM
Katherine M. Franks

**WINDHORST, J.**

In this out-of-time appeal, defendant, Abdellah Karim, seeks review of his unconditional guilty plea and sentence. For the following reasons, we affirm defendant's conviction and sentence.

**PROCEDURAL HISTORY**

On May 14, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant, Abdellah Karim, "a/k/a Karim Abdellah," with possession of marijuana weighing fourteen grams or less in violation of La. R.S. 40:966 C.[1] On May 15, 2018, defendant pled not guilty.[2]

On June 18, 2018, defendant entered an unconditional guilty plea to possession of marijuana weighing fourteen grams or less and was sentenced to fifteen days in the Jefferson Parish Correctional Center.[3] His sentence was ordered to run concurrently with the sentences imposed in district court case numbers 17-900 and 18-1986.[4]

On December 28, 2018, defendant wrote a *pro se* letter to the Jefferson Parish Clerk of Court requesting legal advice from the Clerk of Court on the procedure and process of how to vacate his conviction under Padilla v. Kentucky,[5] and for the

---

[1] The State amended the bill of information to amend defendant's name, but did not include the date amended.

[2] The record is unclear as to whether defendant was arraigned before or after the bill was amended. The purpose of an arraignment is to inform the defendant of the substance of the crime he is charged with. La. C.Cr.P art. 551. A rearraignment is only required after amendment of a bill of information if the substance of the charge is changed. State v. Willie, 17-252 (La. App. 5 Cir. 12/20/17), 235 So.3d 1339, 1353. Here, rearraignment of defendant on the amended bill was unnecessary because it did not alter the substance of the charge against defendant.

[3] Defendant was also ordered to pay fees within ninety days.

[4] On June 18, 2018, as part of defendant's plea agreement (1) defendant also pled guilty and was sentenced in district court case number 18-1986, which is appeal number 19-KA-132; (2) defendant further pled guilty and was sentenced in district court case number 17-900, which defendant did not appeal; and (3) the State dismissed defendant's district court case number 17-0901.

[5] 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).

appointment of an attorney to help him with the process. Defendant stated that he was in "ICE custody"[6] in Pine Prairie, Louisiana, and his criminal charges were the reason he was being detained. On January 9, 2019, the trial court informed defendant that neither the trial court nor the clerk of court could provide legal advice and that he should contact an attorney or file a request for an out-of-time appeal. The trial court, although finding the letter was not a motion but a request of the clerk's office, noted that defendant did not make any specific allegations that his plea was involuntary, that he was not informed of immigration consequences, or that he is from another country. The trial court then concluded that defendant was not entitled to any relief at that time.

On January 4, 2019, defendant filed a *pro se* Motion for Appeal of his guilty plea with an attached letter dated December 25, 2018. In the letter, defendant stated that his trial counsel never explained to him the immigration consequences of pleading guilty and that he desired to reopen his case to prove he was innocent of the charges. On January 11, 2019, the trial court granted defendant an out-of-time appeal. This appeal followed.

**FACTS**

Because defendant pled guilty, the underlying facts were not fully developed at a trial. A factual basis not provided at the guilty plea proceedings, therefore the facts have been gleaned from the bill of information which provided that on or about April 12, 2018, defendant knowingly and intentionally possessed marijuana weighing fourteen grams or less. The transcript of defendant's guilty plea shows that defendant admitted that on April 12, 2018, he was in possession of marijuana.

---

[6] Immigration and Customs Enforcement

**MISDEMEANOR APPEAL**

This Court's appellate jurisdiction extends only to cases that are triable by a jury. State v. Chess, 00-164 (La. App. 5 Cir. 06/27/00), 762 So.2d 1286, 1287 (citing La. Const. of 1974, art. 5 § 10; La. C.Cr.P. art. 912.1). Unless the punishment that may be imposed exceeds six months imprisonment, a misdemeanor is not triable by a jury. Id.; State v. Flowers, 11-376 (La. App. 5 Cir. 12/13/11), 81 So.3d 910; La. C.Cr.P. art. 779 B. However, this Court has reviewed misdemeanor convictions and sentences on appeal when the misdemeanor and felony convictions are so intertwined that the interests of justice are better served by considering the matters together. State v. Carroll, 16-599 (La. App. 5 Cir. 02/08/17), 213 So.3d 486, 488; State v. Jones, 12-640, 12-641 (La. App. 5 Cir. 10/30/13), 128 So.3d 436, 441-443.

In this case, defendant was charged with and pled guilty to possession of marijuana weighing fourteen grams or less in violation of La. R.S. 40:966 C, a misdemeanor punishable by a fine of not more than three hundred dollars, imprisonment in parish jail for not more than 15 days, or both. La. R.S. 40:966 C(2)(a). Defendant's misdemeanor was not triable by a jury and his conviction is, therefore, not ordinarily an appealable judgment. Usually, the proper procedure for seeking review of a misdemeanor conviction is an application for writ of review directed to this Court to exercise its supervisory jurisdiction. La. C.Cr.P. art. 912.1 C(1); State v. Trepagnier, 07-749, 07-750 (La. App. 5 Cir. 03/11/08), 982 So.2d 185, 188, writ denied, 08-0784 (La. 10/24/08), 992 So.2d 1033.

However, defendant's felony appeal is also currently pending before this Court (19-KA-132). While defendant's misdemeanor and felony offenses were charged in separate bills of information, the facts in defendant's felony and misdemeanor cases are the same. Thus, under the facts of this case, we find defendant's misdemeanor and felony convictions are so intertwined that judicial

economy and the interests of justice are better served by considering both together on appeal.

**DISCUSSION**

In his sole assignment of error, defendant argues that his counsel rendered ineffective assistance by failing to inform him of the possible immigration/ deportation consequences of his guilty plea under Padilla. Specifically, defendant argues that it is evident from the record that he "had some difficulty with the [English] language" and that his counsel knew he was a "foreign national" because she listed "Arabic" as his race on the "Misdemeanor: Schedule of Court Costs, Fines, Fees, Sentencing Provisions & Probation Requirements" worksheet, but failed to inform him of the immigration/deportation consequences of pleading guilty. Additionally, defendant argues that none of the documents in the record contain a social security number for defendant. He further contends that he was prejudiced by counsel's ineffectiveness and that it impacted the voluntariness of his plea because he is currently in "ICE custody" awaiting deportation proceedings.

A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. State v. Johnson, 18-294 (La. App. 5 Cir. 01/16/19), 264 So.3d 593, 598; State v. Francois, 13-616 (La. App. 5 Cir. 01/31/14), 134 So.3d 42, 58, writ denied, 14-431 (La. 09/26/14), 149 So.3d 261. Under the standard for ineffective assistance of counsel set forth in Strickland,[7] a conviction must be reversed if the defendant proves: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial

_____

[7] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

was rendered unfair and the verdict suspect. State v. Lyons, 15-2197 (La. 09/23/16), 199 So.3d 1140, 1141 (*per curiam*).

When a defendant claims that counsel's ineffective assistance rendered a guilty plea invalid, under Strickland the defendant must show that (1) counsel's performance was deficient; and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." State v. Stiller, 16-659 (La. App. 5 Cir. 07/26/17), 225 So.3d 1154, 1157 (citing Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)).

Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, if necessary, rather than by direct appeal. See State v. Leger, 05-11 (La. 07/10/06), 936 So.2d 108, 142; State v. Lawrence, 18-372 (La. App. 5 Cir. 05/15/19), 273 So.3d 548, 553; State v. Ferrera, 16-243 (La. App. 5 Cir. 12/14/16), 208 So.3d 1060, 1066-1067. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Ferrera, supra. If, on the other hand, the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings. Id.

At the outset, we find that defendant did not, at the time of entering the guilty plea, expressly reserve any issues to appeal. An unconditional guilty plea, by its nature, admits factual guilt and waives all non-jurisdictional defects in the proceedings prior to the entering of the plea and precludes review thereof either by appeal or by post-conviction relief. State v. Crosby, 338 So.2d 584, 588 (La. 1976); State v. Starks, 01-1078 (La. 03/28/02), 812 So.2d 638, 638-639 (citing Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)). We find that

the plea colloquy along with the signed waiver of rights form constitute a sufficient affirmative showing on the record that defendant was advised of his constitutional rights, understood those rights, and that he made an intelligent and knowing waiver of his rights. Defendant was further informed that he would be sentenced to fifteen days in the Jefferson Parish Correctional Center, to run concurrent with district court case numbers 17-900 and 18-1986. Defendant was sentenced in conformity with the plea agreement.

We conclude the record is sufficient to determine defendant's ineffective assistance of counsel claim as to his misdemeanor conviction. For the following reasons, we find that defendant's claim is without merit.

The United States Supreme Court in Padilla found that, even though immigration consequences are technically collateral and not direct consequences of a conviction, "advice regarding deportation" falls within "the ambit of the Sixth Amendment right to counsel." Padilla, 559 U.S. at 366. The Supreme Court held that "[t]he weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." Id. at 367-368.

Where statutory language makes the deportation consequences of a plea "truly clear, . . . the duty to give correct advice is equally clear." Id. at 369. The Supreme Court found the relevant immigration statute, 8 U.S.C. § 1227(a)(2)(B)(i), to be "succinct, clear, and explicit in defining the removal consequence for [the defendant's] conviction." Id. at 368. Although the Court recognized that "[i]mmigration law can be complex," and under many circumstances "the law is not succinct and straightforward," it held that where "the consequences of [the defendant's] plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice was incorrect," the defendant had sufficiently alleged constitutional deficiency to satisfy the first prong of Strickland. Id. at 369. The Supreme Court found that Mr. Padilla's trial

counsel had an obligation to inform him of the consequences of the guilty pleas as it related to his immigration status and remanded the matter for further proceedings. Id. at 374.

In this case, defendant pled guilty to possession of marijuana weighing fourteen grams or less, a violation of La. R.S. 40:966 C. Significantly, 8 U.S.C. §1227(a)(2)(B)(i) provides:

> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), **other than a single offense involving possession for one's own use of 30 grams or less of marijuana**, is deportable. (Emphasis added.)

Based upon the plain language of 8 U.S.C. § 1227(a)(2)(B)(i), defendant's misdemeanor conviction for possession of marijuana weighing fourteen grams or less is an exception under the statute and is **not** a deportable offense under these facts. Trial counsel did not advise defendant of any deportation consequences of pleading guilty on the record. However, in this case, deportation would **not** result from defendant's guilty plea to misdemeanor possession of marijuana weighing fourteen grams or less because it is expressly excepted from the crimes for which an offender is deportable under 8 U.S.C. § 1227(a)(2)(B)(i).[8]

Furthermore, contrary to defendant's assertions, there is no indication in the record that trial counsel knew that defendant was a non-citizen.[9] We therefore have no reason to conclude that trial counsel had a duty to inform defendant of possible immigration consequences under the statute. We therefore conclude that defendant failed to show that trial counsel's performance was deficient for not advising defendant of deportation consequences which did not apply, and that defendant has

---

[8] This is the "personal use exception" to the statute which deems all other controlled substances convictions deportable offenses.

[9] This issue is examined and discussed in detail in the related appeal of defendant's felony guilty plea.

not sustained his burden under <u>Strickland</u>. Accordingly, we find this assignment of error to be without merit.

**ERRORS PATENT DISCUSSION**

Generally, an errors patent review is not conducted on a misdemeanor conviction. Nevertheless, this Court in similarly situated matters has conducted an errors patent review. See <u>State v. Vaughn</u>, 18-51 (La. App. 5 Cir. 05/16/18), 248 So.3d 578, 588; <u>Jones</u>, <u>supra</u>. Thus, the record was reviewed for errors patent, according to the mandates of La. C.Cr.P. art. 920; <u>State v. Oliveaux</u>, 312 So.2d 337 (La. 1975); and <u>State v. Weiland</u>, 556 So.2d 175 (La. App. 5 Cir. 1990). Our review reveals no errors patent which require correction.

**DECREE**

For the foregoing reasons, we affirm defendant's conviction and sentence.

**<u>CONVICTION AND SENTENCE AFFIRMED</u>**

STATE OF LOUISIANA                    NO. 19-KA-133


VERSUS                                FIFTH CIRCUIT


ABDELLAH KARIM                        COURT OF APPEAL


                                      STATE OF LOUISIANA


**WICKER, J., CONCURS IN PART, DISSENTS IN PART**


        I agree with the majority's analysis of the errors assigned on appeal, however, in my opinion the better course of action at this time would be to consolidate this case with the companion case 19-KA-132 and remand the matter for an evidentiary hearing addressing the merits of the defendant's ineffective assistance of counsel claim. Therefore, I disagree with the ultimate outcome of this case at this point in time.

*Jurisdictional Matters*

        Defendant's conviction for possession of marijuana weighing fourteen grams or less in violation of La. R.S. 40:966(C) is a misdemeanor conviction, which is not an appealable judgment. *See* La. R.S. 40:966(C)(2)(a); La. C.Cr.P. art. 912.1(C)(1); *State v. Trepagnier*, 07-749 c/w 07-750 (La. App. 5 Cir. 3/11/08), 982 So.2d 185, 188, *writ denied*, 08-0784 (La. 10/24/08), 992 So.2d 1033. However, defendant has also appealed a felony conviction for possession with intent to distribute cocaine weighing less than twenty-eight grams in violation of La. R.S. 40:967(A), under case number 19-KA-132. I believe that the misdemeanor and felony convictions are "intertwined to the point that the interests of justice are better served by considering the matters together." *See* May 29, 2014 *En Banc* Policy n.3; *State v. Carroll*, 16-599 (La. App. 5 Cir. 2/8/17), 213 So.3d 486, 488; *State v. Jones*, 12-640 c/w 12-641 (La. App. 5 Cir. 10/30/13), 128 So.3d 436, 441-43. Therefore, I would consolidate the matters for consideration.

*Ineffective Assistance of Counsel*

        Defendant's sole assignment of error on appeal is that his trial counsel was ineffective for failing to inform him of the possible immigration consequences of his guilty plea. While I agree with the majority that the defendant's misdemeanor conviction is not a deportable offense pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), defendant has raised a colorable claim for ineffective assistance of counsel under *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), with respect to his felony conviction.
        The *Padilla* Court held that trial counsel's failure to inform a defendant that his guilty plea carried a risk of deportation may have constituted ineffective assistance of counsel under the Sixth Amendment. *Id.* at 373-74. Defendant's remedy—upon proving (1) that trial counsel failed to inform him that his plea

carried a risk of deportation and (2) that he would have insisted on going to trial if he had been so informed—is an opportunity to withdraw the guilty plea and proceed to trial on the merits. *See id.* at 372-74. A review of the record in this case shows no indication that defendant was advised of any deportation consequences, either on the waiver of rights form or during the colloquy.

Therefore, in my opinion, an evidentiary hearing on defendant's ineffective assistance of counsel claim at this time is warranted, and the interests of justice and judicial economy are better served by remanding the consolidated matter to the district court now for an evidentiary hearing so that the issue of ineffective assistance of counsel may be resolved promptly. *See State v. Lopez-Ventura*, 17-556 (La. App. 5 Cir. 10/31/17) (unpublished writ decision) (JJ., Liljeberg, Chaisson, Murphy); *State v. King*, 17-0126 (La. App. 4 Cir. 10/27/17), 231 So.3d 110.

For this reason alone, I respectfully dissent from the final disposition of this case at this point in time.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 9, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 19-KA-133

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
GAIL D. SCHLOSSER (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          KATHERINE M. FRANKS (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
JOSHUA K. VANDERHOOFT (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053