STATE OF LOUISIANA

VERSUS

ABDELLAH KARIM

NO. 19-KA-132

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-1986, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING


September 09, 2020


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Stephen J. Windhorst


**CONVICTION AND SENTENCE AFFIRMED**
    **SJW**
    **RAC**

**WICKER, J., CONCURS IN PART, DISSENTS IN PART**
    **FHW**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Terry M. Boudreaux
     Gail D. Schlosser
     Joshua K. Vanderhooft

COUNSEL FOR DEFENDANT/APPELLANT,
ABDELLAH KARIM
     Katherine M. Franks

**WINDHORST, J.**

In this out-of-time appeal, defendant, Abdellah Karim, seeks review of his unconditional guilty plea and sentence. For the reasons stated herein, we affirm defendant's conviction and sentence.

## PROCEDURAL HISTORY

On May 14, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant, Abdellah Karim, "a/k/a Karim Abdellah," with possession with intent to distribute cocaine weighing less than twenty-eight grams in violation of La. R.S. 40:967 A.[1] On May 15, 2018, defendant pled not guilty.[2]

On June 18, 2018, defendant entered an unconditional guilty plea to possession with intent to distribute cocaine weighing less than twenty-eight grams and was sentenced to five years at hard labor, sentence suspended, and placed on thirty-six months active probation.[3] His sentence was ordered to run concurrently with the sentences imposed in district court case numbers 17-900 and 18-2750.[4] Defendant was ordered to report to probation upon release.

On December 28, 2018, defendant wrote a *pro se* letter to the Jefferson Parish Clerk of Court requesting legal advice from the Clerk of Court on the procedure and process of how to vacate his conviction under Padilla v. Kentucky,[5] and for the appointment of an attorney to help him with the process. Defendant stated that he

---

[1] The State amended the bill of information to amend defendant's name, but did not include the date amended.

[2] The record is unclear as to whether defendant was arraigned before or after the bill was amended. The purpose of an arraignment is to inform the defendant of the substance of the crime he is charged with. La. C.Cr.P. art. 551. A rearraignment is only required after amendment of a bill of information if the substance of the charge is changed. State v. Willie, 17-252 (La. App. 5 Cir. 12/20/17), 235 So.3d 1339, 1353. Here, rearraignment of defendant on the amended bill was unnecessary as it did not alter the substance of the charge against defendant.

[3] Defendant was also ordered to pay court costs, fees, fines and to perform community service.

[4] On June 18, 2018, as part of defendant's plea agreement (1) defendant also pled guilty and was sentenced in district court case number 18-2750, which is appeal number 19-KA-133; (2) defendant further pled guilty and was sentenced in district court case number 17-900, which defendant did not appeal; and (3) the State dismissed defendant's district court case number 17-901.

[5] 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)

was in "ICE custody"[6] in Pine Prairie, Louisiana, and his criminal charges were the reason he was being detained.  On January 9, 2019, the trial court informed defendant that neither the trial court nor the clerk of court could provide legal advice and that he should contact an attorney or file a request for an out-of-time appeal.  The trial court, although finding the letter was not a motion but a request of the clerk's office, noted that defendant did not make any specific allegations that his plea was involuntary, that he was not informed of immigration consequences, or that he is from another country.  The trial court then concluded that defendant was not entitled to any relief at that time.

On January 4, 2019, defendant filed a *pro se* Motion for Appeal of his guilty plea with an attached letter dated December 25, 2018.  In the letter, defendant stated that his trial counsel never explained to him the immigration consequences of pleading guilty and that he desired to reopen his case to prove he was innocent of the charges.  On January 11, 2019, the trial court granted defendant an out-of-time appeal.  This appeal followed.

**FACTS**

Because defendant pled guilty, the underlying facts were not fully developed at a trial.  A factual basis was not provided at the guilty plea proceedings, therefore the facts have been gleaned from the bill of information which provided that: on or about April 12, 2018, defendant knowingly or intentionally possessed with intent to distribute cocaine weighing less than twenty-eight grams.  The transcript of defendant's guilty plea shows that defendant admitted that on April 12, 2018, he was in possession of the cocaine weighing less than twenty-eight grams and he intended to distribute the cocaine.

---

[6] Immigration and Customs Enforcement

**DISCUSSION**

In his sole assignment of error, defendant argues that his counsel rendered ineffective assistance by failing to inform him of the possible immigration/ deportation consequences of his guilty plea under Padilla. Specifically, defendant argues that it is evident from the record that he "had some difficulty with the [English] language" and that his counsel knew he was a "foreign national" because she listed "Arabic" as his race on the "Felony: Schedule of Court Costs, Fines, Fees, Sentencing Provisions & Probation Requirements" worksheet, but failed to inform him of the immigration/deportation consequences of pleading guilty. Additionally, defendant argues that none of the documents in the record contain a social security number for defendant. He further contends that he was prejudiced by counsel's ineffectiveness and that it impacted the voluntariness of his plea because he is currently in "ICE custody" awaiting deportation proceedings.

A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. State v. Johnson, 18-294 (La. App. 5 Cir. 01/16/19), 264 So.3d 593, 598; State v. Francois, 13-616 (La. App. 5 Cir. 01/31/14), 134 So.3d 42, 58, writ denied, 14-431 (La. 09/26/14), 149 So.3d 261. Under the standard for ineffective assistance of counsel set forth in Strickland,[7] a conviction must be reversed if the defendant proves: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. State v. Lyons, 15-2197 (La. 09/23/16), 199 So.3d 1140, 1141 (*per curiam*).

---

[7] Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

When a defendant claims that counsel's ineffective assistance rendered a guilty plea invalid, under Strickland the defendant must show that (1) counsel's performance was deficient; and (2) "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." State v. Stiller, 16-659 (La. App. 5 Cir. 07/26/17), 225 So.3d 1154, 1157 (citing Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)).

Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, if necessary, rather than by direct appeal. See State v. Leger, 05-11 (La. 07/10/06), 936 So.2d 108, 142; State v. Lawrence, 18-372 (La. App. 5 Cir. 05/15/19), 273 So.3d 548, 553; State v. Ferrera, 16-243 (La. App. 5 Cir. 12/14/16), 208 So.3d 1060, 1066-1067. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Ferrera, supra. If, on the other hand, the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings. Id.

At the outset, we find that defendant did not, at the time of entering the guilty plea, expressly reserve any issues to appeal. An unconditional guilty plea, by its nature, admits factual guilt and waives all non-jurisdictional defects in the proceedings prior to the entering of the plea and precludes review thereof either by appeal or by post-conviction relief. State v. Crosby, 338 So.2d 584, 588 (La. 1976); State v. Starks, 01-1078 (La. 03/28/02), 812 So.2d 638, 638-639 (citing Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)). We find that the plea colloquy along with the signed waiver of rights form constitute a sufficient affirmative showing on the record that defendant was advised of his constitutional

rights, understood those rights, and that he made an intelligent and knowing waiver of his rights. Defendant was further informed that he would be sentenced to five years at hard labor, sentence suspended, and placed on thirty-six months active probation, to run concurrent with district court case numbers 17-900 and 18-2750. Defendant was sentenced in conformity with the plea agreement.

For the following reasons, we conclude that the record as to defendant's felony conviction is insufficient to fully examine defendant's ineffective assistance of counsel claim due to the limited record on appeal.

The United States Supreme Court in Padilla found that, even though immigration consequences are technically collateral and not direct consequences of a conviction, "advice regarding deportation" falls within "the ambit of the Sixth Amendment right to counsel." Padilla, 559 U.S. at 366. The Supreme Court held that "[t]he weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." Id. at 367-368

Where statutory language makes the deportation consequences of a plea "truly clear, . . . the duty to give correct advice is equally clear." Id. at 369. The Supreme Court in Padilla found the relevant immigration statute, 8 U.S.C. § 1227(a)(2)(B)(i), to be "succinct, clear, and explicit in defining the removal consequence for [the defendant's] conviction." Id. at 368. Although the Court recognized that "[i]mmigration law can be complex," and under many circumstances "the law is not succinct and straightforward," it held that where "the consequences of [the defendant's] plea could easily be determined from reading the removal statute, his deportation was presumptively mandatory, and his counsel's advice was incorrect," the defendant had sufficiently alleged constitutional deficiency to satisfy the first prong of Strickland. Id. at 369. The Supreme Court found that Mr. Padilla's trial counsel had an obligation to inform him of the consequences of the guilty pleas as it

related to his immigration status, and remanded the matter to the lower court for a determination of the prejudice issue. Id. at 374.

In this case, defendant pled guilty to possession with intent to distribute cocaine weighing less than twenty-eight grams, a violation of La. R.S. 40:967 A. 8 U.S.C. § 1227(a)(2)(B)(i) provides:

> Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.

Thus, 8 U.S.C. § 1227(a)(2)(B)(i) is "succinct, clear and explicit" in stating the consequence of defendant's plea to the charge of possession with the intent to distribute less than twenty-eight grams of cocaine is deportation. Under Padilla, it appears that defendant could possibly prove that trial counsel rendered deficient performance, as trial counsel did not advise defendant on the record that a consequence of pleading guilty to possession with intent to distribute less than twenty-eight grams of cocaine is that he would be deportable. A review of the record indicates that defendant was not advised of any deportation consequences, either on the waiver of rights form or during the colloquy, or of defendant's status as a non-citizen. Therefore, the question is whether trial counsel knew defendant was a non-citizen.

We find the record is insufficient for this Court to determine whether trial counsel knew defendant was a non-citizen. On the "Felony: Schedule of Fines, Fees, Sentencing Provisions & Probation Requirements" worksheet, "Arabic" is listed as defendant's race. The sentencing minute entry reflects defendant's name as "Abdellah Karim." The waiver of rights form does not contain any personal information apart from defendant's name. The record also contains an Arrest Report and Probable Cause Affidavit from defendant's arrest. The report states defendant's

name is "Karim, Abdellah" and under "Residency/Ethnicity," the notation is "R/NHisp." The form is blank under a spot to place defendant's "Birth State" and contains "USA" as his "Nationality." Defendant's social security number is not provided in the blank on the form. Several documents in the record do not include a social security number for defendant, such as the arrest report and probable cause affidavit, requests for appointment of counsel, and the Louisiana uniform abuse prevention order. Defendant is described as a white male in the bill of information, arrest report and probable cause affidavit, and Louisiana uniform abuse prevention order. There is also no indication in the record that defendant informed his trial counsel that he was a non-citizen, or that his behavior or comprehension so indicated.

A person's race or ethnicity is not indicative of whether he or she is a citizen or an "alien" for the purposes of 8 U.S.C. § 1227(a)(2)(B)(i). On the arrest report and probable cause affidavit, defendant's nationality was listed as "USA." During the colloquy, defendant informed the trial court that he was thirty-four years old and had a college education, but did not inform the trial court that he was a non-citizen. On the face of the record, there was apparently nothing to cause the trial judge to give defendant the advice required by Padilla, or to inquire whether such a warning was necessary.

Thus, there is nothing in the record or the documents therein which indicate that trial counsel knew or should have known whether defendant was a non-citizen, and that he failed to advise him of any possible immigration/deportation consequences. It is likewise insufficient for this Court to make that determination.

More specifically, the record is insufficient for this Court to determine (1) whether trial counsel rendered a deficient performance, and if so, (2) whether defendant can show that there is a reasonable probability that, but for counsel's deficiency, he would not have pleaded guilty and would have insisted on going to trial.

Accordingly, for the reasons stated above, based on the very limited record before this Court, defendant's ineffective assistance of counsel claim cannot be decided herein, and would be more appropriately raised in an application for post-conviction relief in the trial court, where a full evidentiary hearing can be conducted, if necessary, and defendant can present evidence to support his allegation. Having not been reviewed on appeal, this right is preserved for defendant.

**ERRORS PATENT DISCUSSION**

The record was reviewed for errors patent, according to the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). Our review reveals no errors patent which require correction.

**DECREE**

For the foregoing reasons, we affirm defendant's conviction and sentence, and reserve to defendant the right to raise an ineffective assistance claim in a post-conviction relief proceeding if he chooses.

**CONVICTION AND SENTENCE AFFIRMED**

STATE OF LOUISIANA                           NO. 19-KA-132

VERSUS                                       FIFTH CIRCUIT

ABDELLAH KARIM                               COURT OF APPEAL

                                             STATE OF LOUISIANA


**WICKER, J., CONCURS IN PART, DISSENTS IN PART**

I agree with the majority's analysis of the errors assigned on appeal, and I also agree that this Court's typical approach when an appellate record does not permit us to analyze the merits of an appellant's ineffective assistance of counsel claim is to leave the matter for the district court to address through an application for post-conviction relief. *See, e.g.*, *State v. Stiller*, 16-659 (La. App. 5 Cir. 7/26/17), 225 So.3d 1154, 1157. However, because defendant has raised a colorable claim for ineffective assistance of counsel under *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), in my opinion, the interests of justice and judicial economy are best served, in this case, by remanding this matter to the district court now for a full evidentiary hearing addressing defendant's claim of ineffective assistance of counsel. Therefore, I disagree with the ultimate outcome of this case at this point in time.

*Jurisdictional Matters*

Also pending before this Court in case number 19-KA-133, defendant appeals his conviction for possession of marijuana weighing fourteen grams or less in violation of La. R.S. 40:966(C), which is punishable by imprisonment in parish jail for not more than six months, or a fine of up to $500.00, or both. *See* La. R.S. 40:966(C)(2)(a). The misdemeanor conviction is not an appealable judgment. *See* La. C.Cr.P. art. 912.1(C)(1); *State v. Trepagnier*, 07-749 c/w 07-750 (La. App. 5 Cir. 3/11/08), 982 So.2d 185, 188, *writ denied*, 08-0784 (La. 10/24/08), 992 So.2d 1033. However, I believe that the misdemeanor and felony convictions are "intertwined to the point that the interests of justice are better served by considering the matters together." *See* May 29, 2014 *En Banc* Policy n.3; *State v. Carroll*, 16-599 (La. App. 5 Cir. 2/8/17), 213 So.3d 486, 488; *State v. Jones*, 12-640 c/w 12-641 (La. App. 5 Cir. 10/30/13), 128 So.3d 436, 441-43. Therefore, I would also consolidate the matters for consideration.

*Ineffective Assistance of Counsel*

As to defendant's assigned error that his trial counsel was ineffective for failing to inform him of the possible immigration consequences of his guilty plea, I agree that the record is insufficient to determine his ineffective assistance of counsel claim at this time. In this case, as the majority acknowledges,

> [u]nder *Padilla*, it appears that defendant could possibly prove that trial counsel rendered deficient performance, as trial counsel did not advise defendant on the record that a consequence of pleading guilty to

possession with intent to distribute less than twenty-eight grams of cocaine is that he would be deportable. A review of the record indicates that defendant was not advised of any deportation consequences, either on the waiver of rights form or during the colloquy, or of defendant's status as a non-citizen.

*Supra*, at 6. Defendant's remedy—upon proving (1) that trial counsel failed to inform him that his plea carried a risk of deportation and (2) that he would have insisted on going to trial if he had been so informed—is an opportunity to withdraw the guilty plea and proceed to trial on the merits. *See Padilla*, 559 U.S. at 372-74. Therefore, whether defendant's plea was constitutionally valid should be addressed expeditiously.

An evidentiary hearing on defendant's ineffective assistance of counsel claim is warranted, and, in my opinion, the interests of justice and judicial economy are better served by remanding this case now for an evidentiary hearing so that the issue of ineffective assistance of counsel may be resolved promptly. *See State v. Lopez-Ventura*, 17-556 (La. App. 5 Cir. 10/31/17) (unpublished writ decision) (JJ., Liljeberg, Chaisson, Murphy); *State v. King*, 17-0126 (La. App. 4 Cir. 10/27/17), 231 So.3d 110.

Therefore, in my opinion, the better course of action at this time is to consolidate defendant's felony and misdemeanor cases and remand both for an evidentiary hearing addressing the constitutionality of defendant's guilty plea. For this reason alone, I dissent from the majority's disposition of this case at this point in time.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 9, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

# 19-KA-132

## E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
GAIL D. SCHLOSSER (APPELLEE)        TERRY M. BOUDREAUX (APPELLEE)        THOMAS J. BUTLER (APPELLEE)
KATHERINE M. FRANKS (APPELLANT)

## MAILED

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
JOSHUA K. VANDERHOOFT (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053